LANGFORD *et al.*, executors, *vs.* LANGFORD *et al.*

Construing the items of the will and codicil in question, it is held that, while the meaning of the codicil is somewhat doubtful, yet it was manifestly the intention of the testator, by his will, to make his children equal, giving one no preference over the other; and there was no error in holding that the daughter named took the same under the codicil as under the eleventh item of the will.

December 3, 1887.

Wills. Estates. Construction. Before Judge WELL-BORN. Hall Superior Court. August Term, 1887.

Reported in the decision.

DUNLAP & THOMPSON, for plaintiffs in error.

H. H. PERRY; M. L. SMITH, by brief, for defendants.

BLANDFORD, Justice.

This was a bill exhibited by the executors of Little Berry Hutchins against the legatees in his will, for direction and construction as to certain items of the will. The court gave the instructions as prayed and made a decree. None of the legatees excepted to the decree, but the executors themselves sued out a bill of exceptions and brought this case here. The decision they complain of in no way affected them. They had gotten all they asked when the court decreed their instructions; and it is a question we do not decide, whether they had any right to sue out this writ of error, their rights not having been affected by the decision of the court below.

The 5th and 11th items of the will which they wished construed are as follows:

"Item 5. I give and bequeath to my daughter, Martha Jane McCormack, all of my home tract of land where I now live, subject to the life estate of my wife, as set forth in the 3d item, for and during her natural life, and at her death to revert to my estate to be distributed to my other heirs at law. Said home tract includes all of lots 144, 128 and 129 in the 8th district which I own, and which I value to Martha Jane at forty-five hundred dollars."

"Item 11. I direct that all the remainder of my property not herein bequeathed, be sold by my executors herein nominated, all my debts due me collected and distributed as follows, among my heirs: first, to make all equal including the accounts charged to each by me as advancements; second, to count the valuations herein set as advancements, and the remainder distributed equally, share and share alike, to Martha J. McCormack, Mary M. Owen, Sarah A. Langford, Elizabeth R. Odell, and my grandchildren, the children of my son, John H. Hutchins, deceased."

The portion of the codicil upon which question is made is as follows:

" Whereas, in the fifth item of said will, I bequeathed to my daughter, Martha Jane McCormack, certain lands and equal distributive share of the residue, now I therefore appoint my sons-in-law, J. C. Langford and T. J. Odell, and my grandson, William B. Hutchins, trustees to take charge of said fund and manage the same for her use and benefit, paying to her the annual income thereof, and if she should become a widow, for said trustees to pay to my said daughter,

Martha Jane, five hundred dollars, and the balance, if any, to my executors for distribution under the 11th item of said will."

Martha Jane McCormack became a widow before the testators' death. The question is, whether he intended by this codicil to give her $500 more than the rest of his children or not. It is somewhat doubtful whether he so intended. Another question is, whether he intended by this codicil to give her less than he had given to the other children—whether he intended that she should merely take $500,—and that all the balance of his property, which he had given her before under the 11th item of the will, should go back to be distributed amongst his other children; or whether he merely intended by this item that, in case his daughter became a widow, her share should go back, and they should have an equal division as declared by the 11th item of the will. If it is put back in the hands of the executors to be distributed under the 11th item, she would get what she is entitled to under that item; it could not be changed. It is manifest by the will that he intended to make his children equal, and to give one no preference over another. Equality seems to have been the idea he had in his mind. We think the equality still remained, notwithstanding this foolish codicil annexed to his will. The court below held that she took the same under the codicil as under the 11th item, inasmuch as she was a widow before the death of the testator; and we affirm the judgment of the court below.

The matter is in some doubt, but we resolve it in favor of equality among these children.

Judgment affirmed.